# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMARSAI PEEL**  **PLAINTIFF**
**ADC #132206**

v.                    No: 4:25-cv-00278-LPR-PSH

**FREDDIE CHILDS,** *et al.*                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jamarsai Peel filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 24, 2025, while incarcerated in the Arkansas Division of Correction's Grimes Unit (Doc. No. 2). The Court granted Peel's application to proceed *in forma pauperis* and allowed him the opportunity to file an amended complaint to clarify his claims (Doc. No. 4). Peel was cautioned that an amended complaint would

render his pending complaint without legal effect, and only claims properly set out in the amended complaint would be allowed to proceed. Peel subsequently filed an amended complaint (Doc. No. 5) and an addendum (Doc. No. 6). For the reasons stated herein, Peel's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se*

plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Peel names the following defendants:  Lieutenant Freddie Childs, unnamed medical staff, Lieutenant Darryl James, Jr., Cummins Hearing Officer Rolanda Scruggs, Captain Toya Johnson, and Warden Gary Musselwhite.  Doc. No. 5 at 1-2.  He alleges that each of these defendants (including the unnamed medical staff) "knowingly placed me in harms way, denied me medical attention, denied phone calls, threw away mail and placed me in segregation without cause." *Id.* at 5. These claims fail because they are entirely conclusory with **no** factual support. Accordingly, Peel's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## III.  Conclusion

For the reasons stated herein, it is recommended that:

1.　Peel's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 5th day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE